STATE BOARD OF TAX APPEALS.

OVERNIGHT MOTOR TRANSPORTATION COMPANY, PETITIONER, v. WILLIAM D. KELLY, STATE TAX COMMISSIONER, RESPONDENT.

Decided March 24, 1942.

For the petitioner, *William H. Geraghty.*

For the respondent, *David T. Wilentz,* Attorney-General (by *Harry A. Walsh*).

QUINN, President. Petitioner is licensed in this state as a transporter of alcoholic beverages. It has been assessed, and has paid under protest, taxes purportedly based upon taxable disposition by it of alcoholic beverages in this state. It appeals from these assessments upon the ground that the facts do not establish any tax liability due from it to the state. The facts, to the extent that they are known, are not in dispute, and the issue before us is a narrow one.

Upon three certain separate occasions since November 22d, 1939, petitioner transported shipments of liquor from Calvert Distillers in Maryland to consignees in this state, in the City

of Newark. Upon each such occasion a lesser amount of liquor was delivered to and receipted by the consignee than was handed over to petitioner by the consignor in Maryland. It is conceded that petitioner reported to the Commissioner, in the monthly reports required to be filed under the Tax Act and regulations, deliveries in this state, including the total quantities received by it in Maryland. These reports were erroneous because made up from the original invoices of shipments rather than from the signed receipts of consignees. It is admitted by the state that this practice was not indulged with any fraudulent motive on the part of petitioner, but in good faith. No explanation is made or offered by either side as to what happened to the liquor received by petitioner in Maryland, but never delivered at Newark. No showing is made as to where, in the course of transit, the custody or possession by petitioner of the missing liquor terminated. In particular, it is not shown whether the diversion took place prior or subsequent to its entry into this state.

The only basis upon which we can be guided as to whether any tax liability could be predicated in this case is the language of *R. S.* 54:43-1 and 54:41-2; *N. J. S. A.* 54:43-1 and 54:41-2. The former imposes a tax upon "any sale or delivery *within this state* of alcoholic beverages intended ultimately for consumption." (Italics supplied.) The latter defines "sale" as including any exchange, gift, loss, theft, or other disposition. If petitioner lost, or in any other manner disposed of the liquor in question within this state, it would be liable for the tax, unless its liability is negatived by the provisions of *R. S.* 54:43-2; *N. J. S. A.* 54:43-2, providing that no tax "shall be payable by the holder of a transportation license issued by the State Commissioner of Alcoholic Beverage control, provided, such licensee shall have complied with the rules and regulations of the State Tax Commissioner relating to said licensee." If petitioner were shown to have technically effected a taxable disposition of alcoholic beverages in this state, the question would arise as to whether its innocent misstatements in the three monthly reports in question as to the quantities of beverages delivered, constituted such non-compliance with the rules and regulations of the Com-

missioner as would deprive it of the tax immunity otherwise specifically vouchsafed by section 54:43-2. But the necessity for any consideration of that question is, in our opinion, obviated by the failure of the assessing authority to show the existence of a prime requisite for taxability under the statute, to wit, dispositions of the liquor in question "within this state." The liquor left Baltimore, but never arrived at the place of business of the consignee in Newark. It might have been lost or diverted before reaching New Jersey, or subsequently. Under the act it could be taxed only if such loss or diversion took place within this state. At any rate, no imposition was leviable against petitioner, as transporter, in the absence thereof. We cannot indulge any presumption, in the face of the concession by the state that the liquors never reached Newark (nor was the respondent justified in so doing), that the alcoholic beverages delivered to petitioner in Maryland were transported by it into New Jersey. The visitation of an excise tax assessment upon a person or corporation without the clear concurrence of every statutory condition or requisite therefor is grossly illegal. Any difficulties in enforcement of the law, envisaged by respondent as ensuing from this ruling, are matters for legislation. Nothing herein is designed to reflect upon the question as to whether the transactions in question were "sales" in this state, taxable to the consignor or consignee. The assessments in question were illegal and will be ordered set aside.

Judgment accordingly.